**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| RACHEL GAUSE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>REPUBLIC SERVICES, INC., and ALLIED SERVICES, LLC d/b/a REPUBLIC SERVICES,<br><br>Defendants. | Civil Action No. <u>3:26-1987-MGL</u><br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>(Jury Trial Demanded) |

Plaintiff Rachel Gause ("Plaintiff" or "Ms. Gause"), individually and on behalf of all others similarly situated, by and through her undersigned counsel, brings this Collective and Class Action Complaint against Defendants Republic Services, Inc. and Allied Services, LLC d/b/a Republic Services (collectively, "Republic" or "Defendants") pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA"), and the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10 *et seq.* (the "SCPWA"), and South Carolina common law, and alleges as follows:

**NATURE OF THE ACTION**

1.      This is an action brought by Plaintiff, individually and as an FLSA collective action and a Rule 23 class action on behalf of all others similarly situated, for unpaid overtime compensation, liquidated damages, treble damages, unpaid straight-time wages, the reasonable value of uncompensated services, attorneys' fees, costs, declaratory relief, and other relief under the FLSA, the SCPWA, and South Carolina common law (breach of contract and quantum meruit in the alternative).

2. Republic is a national provider of waste, recycling, and environmental services operating throughout the United States, including at its facility located at 3168 Charleston Highway, West Columbia, South Carolina 29172.

3. Plaintiff and other similarly situated employees have been employed by Republic as Construction Account Managers (or in substantially similar positions under different titles, collectively "CAMs") and have been uniformly classified by Republic as exempt "outside sales" employees under 29 U.S.C. § 213(a)(1) and 29 C.F.R. Part 541.

4. The FLSA's outside sales exemption applies only to employees whose primary duty is making sales or obtaining orders or contracts for services, and who are customarily and regularly engaged away from the employer's place of business in performing such primary duty. 29 C.F.R. § 541.500. The exemption is narrowly construed, and the employer bears the burden of establishing its applicability by clear and affirmative evidence.

5. Under 29 C.F.R. § 541.502, work performed away from the employer's place of business includes outside field sales work, but does not include sales made by mail, telephone, or the Internet unless such contact is used merely as an adjunct to personal calls. An employee's home office is not, by itself, "away from the employer's place of business" for purposes of the exemption where the employee's primary duty is performed from that home office rather than in outside field sales activity.

6. Republic's classification of CAMs as exempt outside sales employees rests on a formal, written policy purporting to require CAMs to spend three days per week in the field. In operational reality, however, Republic structures CAM territories such that the customer bases for which CAMs are responsible—including existing accounts and prospective customers who contact CAMs through Republic-provided telephone numbers, electronic mail, and third-party

2

construction-bid platforms—are predominantly out-of-state and geographically remote from CAMs' home offices, imposes continuous-response quota and service-level requirements that can only be met from a home office, and compensates CAMs based on sales activity metrics that do not require or reward in-person field visits. The purported field-time policy is pretextual and cannot be satisfied in practice given the territories, customer bases, and performance metrics Republic itself imposes.

7.      As a result, the actual primary duty of Plaintiff and similarly situated CAMs is inside sales work—managing accounts, processing orders, handling service issues, attending virtual meetings, completing paperwork, and communicating with customers by telephone and electronic mail—performed from home offices. These duties do not qualify for the FLSA's outside sales exemption.

8.      As a result of Republic's willful misclassification, Plaintiff and similarly situated CAMs have been denied overtime compensation for hours worked in excess of 40 per workweek, in violation of 29 U.S.C. § 207(a)(1).

9.      Plaintiff brings the FLSA claim on behalf of herself and all other similarly situated CAMs pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), which provide for opt-in class participation. Plaintiff's consent/opt-in form is attached hereto as **Exhibit A-1**.

10.     Plaintiff brings the SCPWA claim and the South Carolina common-law claims asserted herein on behalf of herself and all other similarly situated South Carolina-based CAMs pursuant to Federal Rule of Civil Procedure 23, which provides for opt-out class participation.

## PARTIES

11.     Plaintiff Rachel Gause is a resident of Richland County, South Carolina. Ms. Gause was employed by Republic as a Construction Account Manager from on or about March 22, 2022,

3

through on or about December 29, 2025, and performed her work for Republic from her home office in the State of South Carolina throughout that period.

12.     Defendant Republic Services, Inc. is a Delaware corporation with its principal executive offices located at 18500 North Allied Way, Phoenix, Arizona 85054. Republic Services, Inc., directly or through its wholly-owned and controlled subsidiaries, owns, operates, and controls waste, recycling, and environmental services facilities and operations throughout the United States, including in the State of South Carolina, and establishes, implements, and enforces the uniform classification, compensation, and employment policies applicable to all Construction Account Managers, including Plaintiff.

13.     Defendant Allied Services, LLC d/b/a Republic Services ("Allied Services") is a Delaware limited liability company with operations in South Carolina, including at the facility located at 3168 Charleston Highway, West Columbia, South Carolina 29172. Allied Services was the entity that issued Plaintiff's W-2 wage statements during her employment.

14.     At all material times, Defendants jointly employed Plaintiff and are jointly and severally liable for the FLSA and SCPWA violations alleged herein. Defendants operated as a single integrated enterprise: they share common ownership and management, centralized human resources and payroll functions, uniform employment policies and job descriptions, and interrelated operations. Republic Services, Inc. sets and enforces the classification, compensation, and policy framework applicable to all CAMs, and Allied Services carries out those policies with respect to CAMs employed in South Carolina.

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, specifically the FLSA, 29 U.S.C. §§ 201 *et seq*. The Court has supplemental jurisdiction over the state-law claims pursuant

4

to 28 U.S.C. § 1367(a) because those claims are so related to the FLSA claim that they form part of the same case or controversy under Article III of the United States Constitution.

16.     This Court has specific personal jurisdiction over Defendants because they maintain business operations within the State of South Carolina, including within this Judicial District, and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the State of South Carolina.

17.     In the alternative, and to the extent any claim or relief sought herein requires general personal jurisdiction over Defendants, Defendants' affiliations with the State of South Carolina are so continuous and systematic as to render Defendants essentially at home in this State.

18.     Venue is proper in this Judicial District and in the Columbia Division pursuant to 28 U.S.C. § 1391(b) because Defendants conduct substantial business operations here, because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here, and because Plaintiff performed her work for Defendants from her home office located within this Division.

## COVERAGE

19.     At all material times, Defendants were "employers" of Plaintiff and Collective Members within the meaning of the FLSA. 29 U.S.C. § 203(d).

20.     At all material times, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

21.     At all material times, Defendants' annual gross volume of sales or business done has exceeded $500,000 exclusive of excise taxes at the retail level that are separately stated.

22.     At all material times, Plaintiff and Collective Members were "employees" of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), and were engaged in commerce or in the production of goods for commerce.

23.     Defendants do not operate a "retail or service establishment" within the meaning of 29 U.S.C. § 207(i) and 29 C.F.R. § 779.24. The commission-based compensation exemption of 29 U.S.C. § 207(i) therefore does not apply to Plaintiff or Collective Members.

**FACTS**

**A.     Plaintiff's Employment with Republic**

24.     Republic employed Ms. Gause as a Construction Account Manager from on or about March 22, 2022, through on or about December 29, 2025—a period of approximately three years and nine months.

25.     At all times during her employment, Ms. Gause resided in the State of South Carolina and performed her work for Republic from her home office located in South Carolina.

26.     Republic informed Ms. Gause at the time of her interview and hiring in March 2022 that she was expected to perform her work from a home office, consistent with Republic's nationwide practice, in place since on or about 2020, of having its CAMs work primarily from home. Republic neither maintained nor offered Ms. Gause office space at any of its physical facilities, and at no time during her employment did Republic direct Ms. Gause to relocate her work from her home office to a Republic facility.

27.     Republic classified Ms. Gause as an exempt outside sales employee throughout her employment.

28.     Republic compensated Ms. Gause on a salary basis that increased over the course of her employment following annual year-end performance reviews, reaching $62,894 per year as of 2025, plus commissions.

29.     Ms. Gause's salary and commissions together constituted her "wages" within the meaning of the FLSA, 29 U.S.C. § 203(m), and the SCPWA, S.C. Code Ann. § 41-10-10(2).

**B.      Plaintiff's Primary Duties Were Inside Sales Functions Performed From Her Home Office**

30.      Although Republic classified Ms. Gause as an exempt outside sales employee, her actual day-to-day duties were not those of a bona fide outside sales representative.

31.      The substantial majority of Ms. Gause's work consisted of inside sales and account-management functions performed from her home office, including:

a.      Managing customer accounts;

b.      Processing customer orders;

c.      Handling customer service issues and responding to service requests;

d.      Attending virtual sales meetings;

e.      Completing company paperwork and administrative tasks;

f.      Communicating with customers by telephone and electronic mail;

g.      Researching prospective customers' construction projects on third-party bid platforms (such as PlanHub and Construct Connect) and preparing bids and quotes for new construction and renovation projects;

h.      Preparing and submitting Certificates of Insurance ("COIs") on behalf of customers, including obtaining the required information from customers, completing the COI request paperwork, transmitting it to Republic's insurance group for issuance, and renewing or reissuing COIs upon expiration;

i.      Coordinating Special Waste paperwork between customers and Republic's special-waste representatives, including assisting customers in completing the required intake forms and managing renewals upon expiration of approval; and

j.      Performing billing and collections functions on customer accounts.

32. Under 29 C.F.R. § 541.502, sales made by mail, telephone, or the Internet do not qualify as outside sales unless used merely as an adjunct to personal calls at the customer's place of business or home. Ms. Gause's telephone and electronic communications with customers were not an adjunct to personal calls; they were her principal method of performing her duties.

33. Ms. Gause's home office was not a "place of business" of Republic, nor did it function as one. Republic maintains numerous physical places of business throughout the United States, including at 3168 Charleston Highway, West Columbia, South Carolina, from which it directed Plaintiff's work. Plaintiff's home office was the base from which she performed her primary duty of inside sales and account-management work, not a site from which she customarily and regularly performed outside field sales.

**C.     Republic's Pretextual Field-Time Policy**

34. Republic maintains a formal, written policy purporting to require CAMs to spend three days per week in the field performing outside sales activity.

35. That policy is pretextual and cannot be satisfied in practice. Republic structures CAM territories, customer assignments, quota requirements, and response-time expectations in a manner that makes compliance with any three-days-in-the-field policy operationally impossible.

36. Specifically, the customer base for which Ms. Gause was responsible—comprising existing accounts and prospective customers who contacted her through Republic-provided telephone numbers, electronic mail, and third-party construction-bid platforms (such as PlanHub and Construct Connect)—was predominantly located out of the State of South Carolina, making regular in-person visits to customer sites economically and logistically infeasible.

37. Republic's quota structure and service-level expectations required Ms. Gause to be continuously available from her home office to respond to customer orders, service requests, and

pricing inquiries by telephone and electronic mail during business hours, which precluded multi-day field visits.

38. Republic tracked CAM performance using sales-activity metrics that were satisfied through inside-sales functions performed from the home office, not through in-person field visits.

39. Republic did not enforce the purported field-time policy against Ms. Gause when she met her quotas and logged activities from her home office. Upon information and belief, Republic did not enforce the purported field-time policy against any CAM who met quotas and logged activities from a home office.

40. Despite labeling CAMs as "outside sales" employees on paper, Republic knew that, in operational reality, CAMs' primary duty was inside sales work performed from home offices.

**D.      Plaintiff's Hours and Unpaid Overtime**

41. Throughout her employment with Republic, Ms. Gause routinely worked between 10 and 12 hours per day.

42. Ms. Gause averaged between 50 and 60 hours of work per week throughout her employment with Republic, without meal or rest breaks.

43. On average, Ms. Gause worked approximately 15 hours of overtime per week for which she received no overtime compensation from Republic.

44. Republic was aware of Ms. Gause's hours and working conditions, including that she worked substantially in excess of forty hours per week from her home office. Republic communicated with Ms. Gause regularly during and outside of standard business hours via email, virtual meetings, and telephone, and imposed performance and response-time expectations that required such hours to be worked.

45. Republic did not maintain accurate records of Plaintiff's or Collective Members' actual hours worked, in violation of 29 U.S.C. § 211(c) and 29 C.F.R. § 516.2.

**E.    Republic's Uniform Policy and Practice as to CAMs**

46.    Upon information and belief, Republic employs (and during the relevant period has employed) other individuals in the position of Construction Account Manager (or substantially similar positions under different titles) at its facilities in South Carolina and elsewhere.

47.    Upon information and belief, Republic classifies all CAMs as exempt outside sales employees pursuant to a uniform, company-wide policy; compensates them on a salary-plus-commission basis without overtime; subjects them to the same or substantially similar job description, performance expectations, quota requirements, and reporting obligations; and expects them to perform their primary duties from home offices by telephone and electronic mail.

48.    Upon information and belief, Republic has, since on or about 2020, required all or substantially all of its CAMs throughout the United States to perform their primary duties from home offices, and Republic communicates that expectation to CAMs at the time of their interview and hiring.

49.    Upon information and belief, all CAMs routinely work well in excess of 40 hours per workweek without receiving overtime compensation.

**F.    Willfulness and Absence of Good Faith**

50.    Republic knew or should have known that classifying CAMs as exempt outside sales employees violates the FLSA.

51.    Republic was aware of the actual duties performed by CAMs, including Ms. Gause—that their primary duties consisted of inside sales work performed from home offices rather than bona fide outside field sales.

52.    Republic was aware that its purported three-days-in-the-field policy was not being satisfied in practice and that its own territorial assignments, quota structures, and service-level expectations made compliance impossible.

10

53.     Republic's failure to pay overtime to Plaintiff and Collective Members was not the result of any bona fide dispute. Republic relied on the label it affixed to the position rather than on a good-faith assessment of the actual job duties of CAMs.

54.     Republic's misclassification of CAMs as exempt outside sales employees, despite its awareness of their actual primary duties and working conditions, was knowing, willful, and in reckless disregard of the requirements of the FLSA within the meaning of 29 U.S.C. § 255(a), entitling Plaintiff and Collective Members to a three-year statute of limitations and to liquidated damages.

55.     Republic has made no good-faith effort to comply with the FLSA with respect to the classification and compensation of CAMs and is not entitled to invoke the defenses provided by 29 U.S.C. § 259 or § 260.

## FLSA COLLECTIVE ACTION ALLEGATIONS

56.     Plaintiff brings Count I as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and the following Collective:

> All individuals who are or were employed by Defendants in the State of South Carolina as Construction Account Managers (or in substantially similar positions under different titles), who were classified by Defendants as exempt outside sales employees, and who worked in excess of 40 hours in any workweek, at any time during the three years preceding the filing of this Complaint through the present (the "Collective" or "Collective Members").

57.     Plaintiff reserves the right to seek expansion of the Collective definition to include CAMs employed outside of South Carolina upon discovery of facts establishing that such CAMs are similarly situated to Plaintiff.

58.     Plaintiff and Collective Members are "similarly situated" within the meaning of 29 U.S.C. § 216(b) because they were subjected to Republic's common policies and practices of:

a.     Uniformly classifying all CAMs as exempt outside sales employees;

11

b. Compensating all CAMs on a salary-plus-commission basis without overtime compensation;

c. Assigning CAMs territories, customer bases, and performance expectations that required the CAM's primary duty to be performed from a home office via telephone and electronic mail rather than through outside field sales; and

d. Requiring or permitting all CAMs to work well in excess of forty (40) hours per workweek without overtime compensation.

59. Republic has willfully and intentionally engaged in a pattern and practice of violating the FLSA, as detailed herein, by misclassifying Plaintiff and Collective Members as exempt outside sales employees and failing to pay them overtime compensation.

60. As a result of Republic's unlawful acts, Plaintiff and Collective Members have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other relief pursuant to 29 U.S.C. § 216(b).

61. Plaintiff respectfully requests that this Court promptly issue notice to all similarly situated CAMs informing them of this action and affording them the opportunity to opt in by filing written consents pursuant to 29 U.S.C. § 216(b).

**RULE 23 CLASS ACTION ALLEGATIONS**

62. Plaintiff brings the SCPWA claim (Count II) and the South Carolina common-law claims (Counts III and IV) as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of the following Class:

> All individuals who were or are employed by Defendants in the State of South Carolina as Construction Account Managers (or in substantially similar positions under different titles), who were classified by Defendants as exempt outside sales employees, and who worked in excess of 40 hours in any workweek, at any time

12

during the three years preceding the filing of this Complaint through the present (the "Class" or "Class Members").

63. <u>Numerosity</u>. Upon information and belief, Class Members are so numerous that joinder of all members is impracticable.

64. <u>Commonality and Predominance</u>. Common questions of law and fact exist as to all Class Members and predominate over any questions affecting only individual members, including:

a. Whether Defendants' uniform classification of CAMs as exempt outside sales employees violates the FLSA and, by extension, Defendants' obligation to pay wages owed under the SCPWA;

b. Whether Defendants' uniform policies and practices required CAMs to perform their primary duty from home offices rather than in outside field sales;

c. Whether Defendants failed to pay all wages due to Class Members in compliance with the SCPWA, including within the time required under S.C. Code Ann. §§ 41-10-40 and 41-10-50;

d. Whether Defendants' failure to pay wages was without a bona fide dispute;

e. Whether Defendants entered into express or implied employment agreements with Class Members under which Defendants were obligated to compensate Class Members for all services rendered;

f. Whether Defendants breached those agreements by failing to pay Class Members for hours worked in excess of 40 per workweek;

g. Whether Class Members conferred a benefit on Defendants by performing uncompensated services, and whether Defendants' retention of that benefit without payment would be inequitable; and

h.     Whether Defendants' conduct was willful.

65.     Typicality. Plaintiff's claims are typical of the claims of Class Members because Plaintiff and Class Members were subjected to the same uniform classification and compensation policies and performed substantially similar primary duties, and because the conduct giving rise to Plaintiff's claims is the same conduct giving rise to the claims of Class Members.

66.     Adequacy. Plaintiff will fairly and adequately protect the interests of Class Members. Plaintiff has retained counsel competent and experienced in wage-and-hour class and collective action litigation. Plaintiff has no interests antagonistic to or in conflict with those of Class Members.

67.     Superiority. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all Class Members is impracticable, individual claims are of limited size relative to the cost of individual litigation, and class treatment will permit similarly situated persons to prosecute their common claims efficiently in a single forum. There will be no difficulty in the management of this action as a class action.

## CAUSES OF ACTION

**CAUSE OF ACTION I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. §§ 207, 216(b)**
**(Failure to Pay Overtime Compensation—Misclassification)**
**(On behalf of Plaintiff and Collective Members)**

68.     Plaintiff incorporates by reference each preceding allegation of this Complaint as if fully set forth herein.

69.     The FLSA requires employers to pay non-exempt employees overtime compensation for all hours worked in excess of 40 per workweek. 29 U.S.C. § 207(a)(1).

70.     The FLSA's outside sales exemption, 29 U.S.C. § 213(a)(1), applies only to employees (1) whose primary duty is making sales within the meaning of 29 U.S.C. § 203(k), or

14

obtaining orders or contracts for services or for the use of facilities for which a consideration will be paid by the client or customer, and (2) who are customarily and regularly engaged away from the employer's place or places of business in performing such primary duty. 29 C.F.R. § 541.500.

71.    The outside sales exemption is narrowly construed, and the employer bears the burden of establishing its applicability.

72.    Under the FLSA, a job title alone is insufficient to establish exempt status. Exempt status must be determined based on the employee's actual duties. 29 C.F.R. § 541.2.

73.    Plaintiff and Collective Members do not qualify for the outside sales exemption because their primary duties are not making sales or obtaining orders or contracts away from Republic's place of business. Rather, their primary duties consist of inside sales functions performed from their home offices.

74.    The retail and service commission exemption under 29 U.S.C. § 207(i) does not apply to Plaintiff or Collective Members because Defendants do not operate a "retail or service establishment" within the meaning of 29 C.F.R. § 779.24.

75.    Plaintiff and Collective Members do not otherwise qualify for any exemption from the overtime requirements of the FLSA.

76.    Accordingly, Plaintiff and Collective Members are non-exempt employees entitled to overtime compensation for all hours worked in excess of 40 per workweek.

77.    Republic has failed to pay Plaintiff and Collective Members overtime compensation for hours worked in excess of 40 per workweek in violation of 29 U.S.C. § 207(a)(1).

78.    Republic's violations of the FLSA were willful, entitling Plaintiff and Collective Members to the three-year statute of limitations under 29 U.S.C. § 255(a).

79.    Republic did not make any good-faith effort to comply with the FLSA with respect to the classification and compensation of CAMs and is therefore liable for liquidated damages in an amount equal to the unpaid overtime compensation owed to Plaintiff and Collective Members pursuant to 29 U.S.C. § 216(b).

80.    As a result of Republic's violations of the FLSA, Plaintiff and Collective Members have suffered damages in amounts to be determined at trial. Without limiting the Court's authority to determine the proper measure of damages, Plaintiff asserts entitlement to unpaid overtime compensation calculated at one and one-half times the regular rate of pay for all hours worked in excess of forty per workweek. In the alternative, and to the extent any fluctuating-workweek or salary-for-all-hours methodology is found to apply, Plaintiff asserts entitlement to overtime compensation calculated using such alternative methodology. In all events, Plaintiff and Collective Members are entitled pursuant to 29 U.S.C. § 216(b) to:

a.    All unpaid overtime compensation owed;

b.    Liquidated damages in an amount equal to unpaid overtime compensation owed;

c.    Pre-judgment and post-judgment interest;

d.    Reasonable attorneys' fees, costs, and expenses of this action; and

e.    Such further and additional relief as this Court deems just and proper.

**CAUSE OF ACTION II**
**VIOLATION OF THE SOUTH CAROLINA PAYMENT OF WAGES ACT**
**S.C. Code Ann. §§ 41-10-40, 41-10-50, and 41-10-80 *et seq.***
**(Failure to Timely Pay Wages Due)**
**(On behalf of Plaintiff and Class Members)**

81.    Plaintiff incorporates by reference each preceding allegation of this Complaint as if fully set forth herein.

82. This Count does not duplicate Plaintiff's FLSA claim. It asserts distinct state-law rights and remedies arising from Defendants' failure to timely pay earned wages at the time and in the manner required by the SCPWA, including the separation-pay obligation imposed by S.C. Code Ann. § 41-10-50. These state-law rights exist independently of the FLSA's substantive overtime obligations and provide remedies (including treble damages under S.C. Code Ann. § 41-10-80(C) and a separate statutory fee-shifting provision) that are cumulative to, and not preempted by, the FLSA.

83. At all material times, Defendants were "employers" within the meaning of the SCPWA, S.C. Code Ann. § 41-10-10(1).

84. At all material times, Plaintiff and Class Members were employees of Defendants whose work was performed in the State of South Carolina and whose wages were subject to the SCPWA.

85. The SCPWA defines "wages" to include all amounts at which labor rendered is recompensed, whether fixed or ascertained on a time, task, piece, or commission basis, or other method of calculating the amount. S.C. Code Ann. § 41-10-10(2).

86. Wages that have been earned for work performed—including overtime compensation owed at the regular rate or at a statutory premium—constitute "wages" within the meaning of the SCPWA once earned, and the SCPWA imposes an independent obligation on employers to pay such wages in a timely manner.

87. The SCPWA requires employers to pay all wages due to employees at the time and place designated by the employer. S.C. Code Ann. § 41-10-40.

88.     The SCPWA further requires employers, upon the termination of an employee's employment, to pay all wages due to the employee within 48 hours of the time of separation or the next regular payday, not to exceed 30 days. S.C. Code Ann. § 41-10-50.

89.     Defendants failed to pay wages earned by Plaintiff and Class Members at the time and place designated by the employer as required by S.C. Code Ann. § 41-10-40.

90.     Upon the termination of Ms. Gause's employment on or about December 29, 2025, Defendants failed to pay all wages due to her within the time period required by S.C. Code Ann. § 41-10-50.

91.     Defendants' failure to pay wages due to Plaintiff and Class Members was not the result of any bona fide dispute. Defendants knew or should have known that Plaintiff and Class Members were owed wages for hours worked in excess of 40 per workweek, and they had no reasonable basis for withholding those wages.

92.     Pursuant to S.C. Code Ann. § 41-10-80(C), Plaintiff and Class Members are entitled to recover:

      a.     An amount equal to three times the full amount of the unpaid wages;

      b.     Reasonable attorneys' fees and costs; and

      c.     Such further and additional legal and equitable relief as this Court deems just and proper.

**CAUSE OF ACTION III**
**BREACH OF CONTRACT**
**(South Carolina Common Law)**
**(On behalf of Plaintiff and Class Members)**

93.     Plaintiff incorporates by reference each preceding allegation of this Complaint as if fully set forth herein.

18

94.     This Count does not depend on and is not derivative of the FLSA. It asserts distinct common-law contractual rights and duties that exist independently of the FLSA's statutory scheme and that would exist even in the absence of the FLSA.

95.     At all relevant times, Defendants and each Class Member were parties to express or implied-in-fact employment agreements pursuant to which Defendants agreed to compensate each Class Member for services rendered. In Ms. Gause's case, that agreement provided for a base salary of $62,894 per year, plus commissions, in exchange for her services as a Construction Account Manager.

96.     The salaries paid to Plaintiff and Class Members were calibrated to compensate for a standard workweek of no more than 40 hours. Plaintiff's salary of $62,894 per year reflects an implicit hourly rate of approximately $30.23 based on a forty-hour workweek (calculated as $62,894 ÷ 52 weeks ÷ 40 hours).

97.     Defendants required Plaintiff and Class Members to perform services substantially in excess of 40 hours per workweek—in Ms. Gause's case, approximately 50 to 60 hours per workweek throughout her employment. Defendants accepted and retained the benefit of those services.

98.     The parties' employment agreements included an express or implied term that Defendants would compensate Plaintiff and Class Members for all services rendered. This Count is directed to Defendants' failure to pay any compensation—not merely the FLSA's overtime premium—for services rendered in excess of the 40 hours per workweek for which the salary was calibrated. Defendants' liability for the statutory overtime premium under the FLSA is separately addressed in Count I and is not the subject of this Count.

99. Defendants breached their employment agreements with Plaintiff and Class Members by failing to pay any compensation for services rendered beyond 40 hours per workweek, notwithstanding the parties' agreement that Defendants would compensate Plaintiff and Class Members for their services.

100. As a direct and proximate result of Defendants' breach, Plaintiff and Class Members have suffered damages in the amount of the unpaid straight-time compensation for services rendered in excess of 40 hours per workweek, together with pre-judgment interest and such further legal and equitable relief as this Court deems just and proper.

**CAUSE OF ACTION IV**
**QUANTUM MERUIT**
**(Pleaded in the Alternative to Count III)**
**(On behalf of Plaintiff and Class Members)**

101. Plaintiff incorporates by reference each preceding allegation of this Complaint as if fully set forth herein.

102. This Count is pleaded in the alternative to Count III. To the extent this Court determines that no enforceable express or implied-in-fact contract governs Defendants' obligation to compensate Plaintiff and Class Members for services rendered in excess of 40 hours per workweek, Plaintiff asserts this claim for quantum meruit.

103. Plaintiff and Class Members rendered valuable services to Defendants in the form of labor performed in excess of 40 hours per workweek.

104. Defendants were aware of those services, required and expected those services as a condition of continued employment, and accepted the benefit of those services.

105. Defendants retained the benefit of those services without paying any compensation for the hours worked in excess of 40 per workweek.

20

106.     Under the circumstances, it would be inequitable and unjust for Defendants to retain the benefit of Plaintiff's and Class Members' services without payment of their reasonable value.

107.     Plaintiff and Class Members are entitled to recover the reasonable value of the services rendered to Defendants in excess of 40 hours per workweek, together with pre-judgment interest and such further legal and equitable relief as this Court deems just and proper.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rachel Gause, individually and on behalf of all other similarly situated Collective and Class Members, respectfully requests that this Court grant the following relief:

A.     Conditionally certify this action as a collective action pursuant to 29 U.S.C. § 216(b), and authorize the prompt issuance of notice to all similarly situated CAMs in the State of South Carolina informing them of their right to opt in to this action;

B.     Certify the Class pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) for purposes of the SCPWA claim and the South Carolina common-law claims;

C.     Appoint Plaintiff Rachel Gause as representative of the Collective and the Class, and appoint Plaintiff's counsel as counsel for the Collective and the Class;

D.     Enter judgment against Defendants and in favor of Plaintiff and Collective Members for all unpaid overtime compensation owed under the FLSA, calculated under the methodology found applicable by this Court;

E.     Enter judgment against Defendants and in favor of Plaintiff and Collective Members for liquidated damages in an amount equal to unpaid overtime compensation owed pursuant to 29 U.S.C. § 216(b);

21

F. Enter judgment against Defendants and in favor of Plaintiff and Class Members for an amount equal to three times the full amount of unpaid wages pursuant to S.C. Code Ann. § 41-10-80(C);

G. Enter judgment against Defendants and in favor of Plaintiff and Class Members on the breach of contract claim for unpaid straight-time compensation for services rendered in excess of 40 hours per workweek;

H. In the alternative to Item G, enter judgment against Defendants and in favor of Plaintiff and Class Members on the quantum meruit claim for the reasonable value of services rendered in excess of 40 hours per workweek;

I. Declare that Defendants' violations of the FLSA were willful within the meaning of 29 U.S.C. § 255(a);

J. Award Plaintiff, Collective Members, and Class Members pre-judgment and post-judgment interest at the highest rates allowed by law;

K. Award Plaintiff, Collective Members, and Class Members their reasonable attorneys' fees, costs, and expenses of this action pursuant to 29 U.S.C. § 216(b) and S.C. Code Ann. § 41-10-80(C); and

L. Grant such other and further legal and equitable relief as this Court deems just and proper.

**JURY TRIAL DEMANDED**

Plaintiff Rachel Gause, individually and on behalf of all other similarly situated Collective and Class Members, hereby demands a trial by jury on all issues so triable.

22

Respectfully submitted,

GRIFFIN HUMPHRIES LLC

*s/Badge Humphries*

May 15, 2026
Sullivan's Island, South Carolina

James M. Griffin (D.S.C. No. 1053)
Griffin Humphries LLC
8906 Two Notch Road, Suite 200
Columbia, South Carolina 29223
Tel. (803) 744-0800
Fax (803) 744-0805
jgriffin@griffinhumphries.com

Badge Humphries (D.S.C. No. 9550)
Griffin Humphries LLC
2113 Middle Street, Suite 305
Sullivan's Island, South Carolina 29482
Tel. (843) 883-7424
bhumphries@griffinhumphries.com

*Attorneys for Plaintiff Rachel Gause,*
*the Proposed Collective, and the Proposed Class*