IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

Rachel Gause, *individually and on behalf of all others similarly situated*,

Plaintiff,

v.

Republic Services, Inc.; Allied Services, LLC, *doing business as* Republic Services,

Defendants.

Case No. 3:26-cv-01987-SAC

**OPINION AND ORDER**

This matter is before the Court on a Motion to Dismiss filed by Defendants Republic Services, Inc. ("Republic") and Allied Services, LLC d/b/a Republic Services ("Allied Services") (collectively, "Defendants"). ECF No. 8. Plaintiff Rachel Gause ("Gause") filed a response, ECF No. 17, and Defendants filed a Reply, ECF No. 28. This matter is, accordingly, ripe for review. For the reasons set forth below, Defendants' Motion to Dismiss is DENIED.

**BACKGROUND**[1]

Gause filed this proposed class action alleging that Defendants, who own and operate waste, recycling, and environmental services facilities throughout the United States,[2] violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA") by misclassifying her and other similarly situated employees as exempt outside sales employees and failing to pay overtime compensation for hours worked in excess of forty hours a week. ECF No. 1 ¶¶ 2-9. Gause also

[1] All facts in this Background section are taken directly from the Complaint and are accepted as true for the purposes of this Motion.

[2] Allied Services was the entity that issued Gause's W-2 wage statements during her employment. ECF No. 1 ¶ 13. Plaintiff alleges Allied Services operated with Republic as a single integrated enterprise. *Id.* ¶ 14.

brings claims under the South Carolina Payment of Wages Act, S.C. Code. Ann. § 41-10-10 et seq., ("SCPWA") and South Carolina common law for other wage payment violations. *Id.* ¶ 10.

Gause was hired in March 2022 as a Construction Account Manager ("CAM"). *Id.* ¶¶ 11, 24. As a CAM, the substantial majority of Gause's work consisted of "inside sales and account management functions." *Id.* ¶ 31. Gause alleges her work included:

a. Managing customer accounts;
b. Processing customer orders;
c. Handling customer service issues and responding to service requests;
d. Attending virtual sales meetings;
e. Completing company paperwork and administrative tasks;
f. Communicating with customers by telephone and electronic mail;
g. Researching prospective customers' construction projects on third-party bid platforms (such as PlanHub and Construct Connect) and preparing bids and quotes for new construction and renovation projects;
h. Preparing and submitting Certificates of Insurance ('COIs') on behalf of customers, including obtaining the required information from customers, completing the COI request paperwork, transmitting it to Republic's insurance group for issuance, and renewing or reissuing COIs upon expiration;
i. Coordinating Special Waste paperwork between customers and Republic's special-waste representatives, including assisting customers in completing the required intake forms and managing renewals upon expiration of approval; and
j. Performing billing and collections functions on customer accounts.

*Id.* Gause was compensated on a salary basis that increased over the course of her employment, ultimately earning $62,894 per year plus commission at the time her employment ended in December 2025. *Id.* ¶¶ 24, 28. While employed, Gause routinely worked between ten and twelve hours per day, averaging between fifty and sixty hours of work per week without meal or rest breaks. *Id.* ¶¶ 41-42. On average, Gause worked approximately 15 hours of overtime per week for which she received no overtime compensation. *Id.* ¶ 43. On December 29, 2025, Gause's

employment ended.

On May 15, 2026, Gause filed the instant action. Gause asserts four causes of action for unpaid wages and unpaid overtime pay: violation of the FLSA, violation of the SCPWA, breach of contract, and quantum meruit. *Id.* ¶¶ 69-80, 82-92, 94-100, 102-107. Defendants moved to dismiss all of Gause's claims, arguing Gause was not entitled to overtime compensation because she is exempted from the mandates of the FLSA under the administrative capacity exemption. ECF No. 8-1 at 5-8. Defendants argue the prongs exempting an employee under the administrative capacity exemption are clearly met here: (1) Gause exceeds the $684 per week salary threshold needed to trigger the exemption; (2) Gause's primary duty is non-manual work directly related to Defendants' management or general business operations; and (3) her primary duties include exercising discretion and independent judgment with respect to significant matters. *Id.* Defendants also argue her other claims are preempted by the FLSA or otherwise fail under Rule 8 of the Federal Rules of Civil Procedure. *Id.* at 8-14.

## STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a complaint must state only "a plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. In other words, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible the plaintiff is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citation modified);

*see also* Rule 8(a)(2). When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). "Although a motion pursuant to Rule 12(b)(6) invites an inquiry into the legal sufficiency of the complaint, not an analysis of potential defenses to the claims set forth therein, dismissal nevertheless is appropriate when the face of the complaint *clearly reveals* the existence of a meritorious affirmative defense." *Brockington v. Boykins*, 637 F.3d 503, 506 (4th Cir. 2011) (emphasis added).

## ANALYSIS

In their Motion to Dismiss, Defendants advance several grounds for why Gause's claims fail under Rule 12(b)(6). ECF No. 8. The Court will address each argument *seriatim*.

### I. FLSA Claims

Gause alleges Defendants violated the FLSA by misclassifying her as an exempt outside sales employee throughout her employment and, consequently, failing to pay her and similarly situated CAMs overtime compensation for hours worked beyond forty hours per workweek. ECF No. 1 ¶¶ 27, 76-77. As such, she and other CAMs were entitled to unpaid overtime compensation. *Id.* ¶¶ 76, 80.

Defendants argue that while Gause alleges in her Complaint that she does not meet the requirements of the outside sales exemption — which they contest — Gause does plainly and affirmatively allege all the elements of the FLSA's administrative capacity exemption. ECF No. 8-1 at 5. Defendants assert Gause was paid "well in excess of the $684 per week threshold" under the exemption, her primary duties were "office or non-manual work directly related to management or the general business operations" of Allied Services, and those duties required "discretion and independent judgment" to carry out. *Id.* at 6 (citing requirements under 29 C.F.R.

§§ 541.201, 541.202).

Gause counters that the exempt-status inquiry turns on an employee's day-to-day duties, which is a fact-intensive inquiry rarely resolved at the motion to dismiss stage. ECF No. 17 at 3-4. Gause also disagrees that the Complaint affirmatively establishes the elements of the administrative capacity exemption, namely whether Gause exercised discretion and independent judgment and whether her work was directly related to management or general business operations. *Id.* at 5-7.

The FLSA requires employers to pay certain employees at least one and one half times their hourly rate for every hour worked beyond forty hours in a workweek. 29 U.S.C. § 207(a)(1). An employee who works in a bona fide administrative capacity is exempt from the overtime pay provisions of the FLSA. 29 U.S.C. § 213(a)(1); *Calderon v. GEICO Gen. Ins.*, 809 F.3d 111, 116 (4th Cir. 2015) ("The FLSA . . . exempts any employee employed in a bona fide executive, administrative, or professional capacity.") (citation modified). "Whether an employee is exempt from the FLSA's overtime requirements is a mixed question of law and fact[.]" *Williams v. Genex Servs., LLC*, 809 F.3d 103, 109 (4th Cir. 2015). "In FLSA exemption cases, the question of how employees spend their working time is a question of fact, but the ultimate question of whether the exemption applies is a question of law." *Calderon*, 809 F.3d at 120 (citation modified). The employer bears the burden of proving the employee falls within the exemptions established by the FLSA. *Corning Glass Works v. Brennan*, 417 U.S. 188, 196-97 (1974).

An employee qualifies as being "employed in a bona fide administrative capacity" under the FLSA if: (1) the employee is compensated at a salary of not less than $684 per week; (2) the employee's "primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers;" and (3)

the employee's "primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a). Presently, the parties do not dispute that the first element is satisfied. *See* ECF No. 8-1 at 6; *see generally* ECF No. 17. The question, then, is whether the pleadings clearly establish that the second and third elements are also met.

Because the Court finds the third element of the administrative capacity exemption is determinative of Defendants' Motion, it need not address the second element. *Cockman v. Assignment Desk Works LLC*, No. 2:19-cv-3082-BHH, 2021 WL 1738509, at *7 (D.S.C. May 3, 2021) ("The elements of the [administrative capacity exemption] are conjunctive; all three must apply to an employee before that employee is exempt from the overtime provisions of the FLSA."). Setting aside the second element, therefore, the Court turns to the third element and finds that the Complaint does not clearly establish that Gause exercised discretion and independent judgment. "The phrase 'discretion and independent judgment' must be applied in the light of all the facts involved in the particular employment situation in which the question arises." 29 C.F.R. § 541.202(b). The regulations provide that "[i]n general, the exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered." *Id.* § 541.202(a). The regulations provide a nonexclusive list of factors to consider in determining whether an employee satisfies this third element, including:

> whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; whether the employee carries out major assignments in conducting the operations of the business; whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business; whether the employee has authority to commit the employer in matters that have significant financial impact; whether the employee has authority to waive or deviate from established policies and procedures without prior approval; whether

> the employee has authority to negotiate and bind the company on significant matters; whether the employee provides consultation or expert advice to management; whether the employee is involved in planning long- or short-term business objectives; whether the employee investigates and resolves matters of significance on behalf of management; and whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances.

*Id.* § 541.202(b).

"The exercise of discretion and independent judgment implies that the employee has authority to make an independent choice, free from immediate direction or supervision." *Id.* § 541.202(c). However, it "does not require that the decisions made by an employee have a finality that goes with unlimited authority and a complete absence of review." *Id.* Indeed, "decisions made as a result of the exercise of discretion and independent judgment may consist of recommendations for action rather than the actual taking of action." *Id.*; *see also*, *e.g.*, *West v. Anne Arundel Cmty.*, 137 F.3d 752, 764 (4th Cir. 1998), *abrogated on other grounds by Morrison v. Cnty. of Fairfax*, 826 F.3d 758 (4th Cir. 2016) (explaining that the "fact that some recommendations made by [an employee] are subject to review by superior officers is no bar to application of the administrative exemption.").

Where the allegations in the complaint do not plainly establish exemption, the court should not dismiss the claim at the motion to dismiss stage. *See Hobson v. Local 689, Amalgamated Transit Union*, No. TDC-21- 2374, 2022 WL 3028073, at *3 (D. Md. Aug. 1, 2022) (denying motion to dismiss where complaint did not resolve, *inter alia,* the question of plaintiff's relative freedom from direct supervision).

Here, the Complaint does not include allegations that Gause's primary duties included the exercise of discretion and independent judgment. The Complaint simply does not allege facts by which the Court could determine whether Gause had the necessary discretion to be exempted under

the administrative exemption. Thus, the Complaint does not "clearly reveal the existence of a meritorious affirmative defense." *Brockington*, 637 F.3d at 506 (citation modified). Gause has otherwise plausibly stated a claim under the FLSA. Accordingly, Defendants' Motion to Dismiss as to this claim is DENIED.

## II. Breach of Contract and Quantum Meruit Claims

### A. Breach of Contract

Gause's breach of contract claim rests on the allegation that she was a party to an express or implied-in-fact employment contract under which her salary compensated her for a forty-hour workweek. ECF No. 1 ¶¶ 95-96. Defendants allegedly breached the contract when they required Gause to perform services "substantially in excess of [forty] hours per workweek" but failed to compensate her for these additional services rendered. *Id.* ¶¶ 97-99.

Defendants argue Gause fails to plausibly allege both the existence of a contract (express or implied-in-fact) that requires additional compensation for hours beyond forty hours per workweek and its breach. ECF No. 8-1 at 8-11. Gause responds that every employment relationship in South Carolina is "contractual in nature, even an at-will relationship, with or without a writing." ECF No. 17 at 9. According to Gause, the existence of an agreement is not in dispute; only the terms and breach thereof. *Id.* at 9. Gause posits both would be determined from evidence of the parties' express or implied contract produced in discovery. *Id.* at 9.

To plead a claim for breach of contract, a party must allege the existence of the contract, its breach, and the damages caused by such breach. *Branche Builders, Inc. v. Coggins*, 686 S.E.2d 200, 202 (S.C. Ct. App. 2009) (citing *Fuller v. E. Fire & Cas. Ins.*, 124 S.E.2d 602, 610 (S.C. 1962)). "If [an] agreement is manifested by words, the contract is said to be express. If it is manifested by conduct, it is said to be implied. In either case, the parties must manifest mutual

intent to be bound." *Stanley Smith & Sons v. Limestone Coll.*, 322 S.E.2d 474, 477 (S.C. Ct. App. 1984) (citations omitted). Accordingly, "a contract is an obligation which arises from *actual agreement* of the parties manifested by words, oral or written, or by conduct." *Id.* (emphasis added).

After careful review of the allegations of the Complaint, the Court concludes that Gause has failed to plead sufficient factual allegations to state a plausible claim for breach of contract. Gause does plead that Defendants ever agreed to pay her more than her salary for hours worked over forty hours a week. *See generally* ECF No. 1. Nor does she alleges either an express term allowing her such additional compensation or that Defendants engaged in conduct that could plausibly give rise to an implied contract for such additional compensation. *Id.* It is particularly difficult to find Gause's allegations sufficiently plausible when, as Defendants noted, Gause's own allegations establish the existence of an employee handbook detailing the contours of her compensation without reference to whether she is entitled to additional compensation for hours worked in excess of forty hours a week. As such, Defendants' Motion as to this claim is GRANTED.

**B. Quantum Meruit**

Gause asserts her quantum meruit claim in the alternative to her breach of contract claim. ECF No. 1 ¶ 102. She alleges she "rendered valuable services to Defendants in the form of labor performed more than [forty] hours per workweek," *id.* ¶ 103, and "Defendants retained the benefit of those services without paying any compensation for the hours worked in excess of [forty] per week." *id.* ¶ 105.

Defendants argue Gause's quantum meruit cause of action is comprised entirely of formulaic legal conclusions and reads like a "verbatim recitation of the claim's elements." ECF

No. 8-1 at 10-11. Gause argues the claim is properly plead in the alternative under Rule 8(d). ECF No. 17 at 9-10.

"Although it is clearly true that alternative pleading is allowed under the federal rules of procedure, it is equally clear that the allowance of alternate pleading does not relieve a party from pleading facts that are sufficient to support its claim." *LMP Holdings, LLC v. PLY Enters., LLC*, No. 3:12cv440, 2012 WL 4344302, at *5 (E.D. Va. Sep. 21, 2012). To state a claim for quantum meruit, even in the alternative, a plaintiff must allege: "(1) a benefit conferred upon the defendant by the plaintiff; (2) realization of that benefit by the defendant; and (3) retention by the defendant of the benefit under conditions that make it unjust for him to retain it without paying its value." *Earthscapes Unlimited, Inc. v. Ulbrich*, 703 S.E.2d 221, 225 (S.C. 2010).

Here, Gause's quantum meruit claim fails because she does not allege facts plausibly showing that Defendants were conferred a benefit. Specifically, Gause does not plausibly allege any basis for expecting compensation beyond her agreed-upon salary. Thus, she had no reasonable expectation of receiving additional compensation beyond the terms of the parties' agreement. Because Gause does not allege that she performed services beyond those contemplated by her employment, Defendants' payment of her agreed-upon salary cannot constitute the unjust retention of a benefit merely because they did not provide additional compensation. Accordingly, Gause has not plausibly stated a claim for quantum meruit and Defendants' Motion as to this claim is GRANTED.

**III. Preemption**

Finally, Defendants argue all of Gause's state law claims are preempted by the Fair Labor Standard Act. ECF No. 8-1 at 11-13. Defendants' argument is twofold. First, Defendants assert that Gause's state law claims hinge entirely on a finding of liability under the FLSA and thus are

duplicative of that claim. ECF No. 8-1 at 11. Second, the FLSA provides a floor for recovery and because Gause's common law claims seeking straight time recovery provide a lower value of recovery they are preempted. ECF No. 8-1 at 11-13. Gause responds that her SCPWA claim is not preempted because the SCPWA has its own obligations and remedies separate and distinct from the FLSA claim.[3] ECF No. 17 at 11-14.

"Congress prescribed exclusive remedies in the FLSA for violations of its mandates," and state law claims that "merely duplicate FLSA claims" are preempted by the FLSA. *Anderson v. Sara Lee Corp.,* 508 F.3d 181, 194 (4th Cir. 2007) (citation modified). Thus, to the extent that a plaintiff seeks compensation under state law "for overtime pay otherwise required by the FLSA or alleges that he received less than the federal minimum wage, these claims are preempted by the FLSA and must be dismissed." *McMurray v. LRJ Rest., Inc.,* No. 4:10-cv-01435-JMC, 2011 WL 247906, at *2 (D.S.C. Jan. 26, 2011) (citation modified); *see also Nimmons v. RBC Ins. Holdings (USA) Inc.,* No. 6:07-cv-2637, 2007 WL 4571179, at *1 (D.S.C. Dec. 27, 2007) ("Plaintiff's state law claims related to alleged overtime must be dismissed because they assert rights that are duplicative of those protected by the FLSA."). However, claims that are "separate and distinct" from FLSA claims, such as an "alleged failure to honor agreements to pay wages which may be in excess of minimum wage and failure to pay wages when due" are not preempted. *McMurray,* 2011 WL 247906, at *2.

Here, taking as true the allegations in the Complaint, Gause's claim under the SCPWA does not appear to be preempted. Briefly, under her SCPWA claim, Gause alleges Defendants failed to pay wages at the time and in the manner required by the SCPWA. ECF No. 1 ¶¶ 82, 88-

[3] Because the Court finds that Gause does not plausibly state a claim for breach of contract or quantum meruit, it need not address Plaintiff's arguments regarding preemption in defense of those claims, as those arguments are moot.

90. It is clear at this stage that Gause alleges misconduct outside the scope of the FLSA. And because SCPWA creates both a right (timely payment of wages and payment of all wages upon separation) and enforcement mechanism (treble damages plus costs and reasonable attorney's fees) not available under the FLSA, her SCPWA claim is not preempted. *See* S.C. Code Ann. §§ 41-10-40, 41-10-50, 41-10-80; *see also*; *Xue v. J&B Spartanburg LLC*, No. 7:16-00340-MGL, 2016 WL 3017223, at *2 (D.S.C. May 26, 2016) (denying the defendant's motion to dismiss because plaintiff's SCPWA claims were separate and distinct from her FLSA claims). Therefore, the Motion to Dismiss on this ground is DENIED.

## CONCLUSION

Based on the reasoning above, Defendants' Motion to Dismiss [ECF No. 8] is **GRANTED IN PART** and **DENIED IN PART**. The Motion is **GRANTED** as to Gause's breach of contract and quantum meruit claims and these claims are accordingly **DISMISSED**. The Motion is otherwise **DENIED**. Hence, the remaining claims in this action are Gause's claims under the Fair Labor Standard Act and the South Carolina Payment of Wages Act.

**IT IS SO ORDERED.**

United States District Judge

November 19, 2026
Columbia, South Carolina